ELECTRONICALLY FILED - 2018 Apr 10 3:45 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0400690

| | | |
|---|---|---|
| **STATE OF SOUTH CAROLINA** ) | **IN THE COURT OF COMMON PLEAS** | |
| ) | | |
| **COUNTY OF ANDERSON** ) | **C.A. # 2018-CP-04-_____** | |

| | |
|---|---|
| **Mary Adams Ross as Personal** ) | |
| **Representative of the Estate of** ) | |
| **Alexander Chance Partain,** ) | |
| ) | |
|     **-vs-** ) | |
| ) | |
| ) | **SUMMONS** |
| **County of Anderson; The Anderson** ) | |
| **County Sheriff's Office; John Skipper,** ) | |
| **former Sheriff of Anderson County,** ) | |
| **individually and in his official capacity;** ) | |
| **Deputy David Stipe, individually and in** ) | |
| **his official capacity; Deputy Matthew** ) | |
| **McCarty, individually and in his official** ) | |
| **capacity,** ) | |
| ) | |
|     **Defendant.** ) | |
| _____ ) | |

**TO THE ABOVE NAMED DEFENDANTS:**

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your answer to the said Complaint on the subscriber at his office at 210 North McDuffie Street, Ste. 103, Anderson, South Carolina, 29621, within (30) days after the day of service hereof, exclusive of the day of such service: and if you fail to answer the Complaint within the aforesaid time, the Plaintiff (s) in this action will apply to the Court for the said relief demanded in the Complaint.

THE GRIFFIN FIRM, LLC

By:     /s/ Charles R. Griffin, Jr.
        Charles R. Griffin, Jr. # 6489
        210 N. McDuffie St. Ste 103
        Anderson, South Carolina 29621
        (864) 231-8870
        *Attorney for Plaintiff*

April 10, 2018

1

ELECTRONICALLY FILED - 2018 Apr 10 3:45 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0400690

| | | |
|---|---|---|
| **STATE OF SOUTH CAROLINA** | ) | **IN COMMON PLEAS COURT** |
| | ) | |
| **COUNTY OF ANDERSON** | ) | **C.A. # 2018-CP-04-_____** |
| | ) | |
| **Mary Adams Ross as Personal** | ) | |
| **Representative of the Estate of** | ) | |
| **Alexander Chance Partain,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **-vs-** | ) | **COMPLAINT** |
| | ) | **JURY TRIAL DEMANDED** |
| **County of Anderson; The Anderson** | ) | |
| **County Sheriff's Office; John Skipper,** | ) | |
| **former Sheriff of Anderson County,** | ) | |
| **individually and in his official capacity;** | ) | |
| **Deputy David Stipe, individually and in** | ) | |
| **his official capacity; Deputy Matthew** | ) | |
| **McCarty, individually and in his official** | ) | |
| **capacity,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

The Plaintiff named herein, complaining of the Defendants herein, would respectfully show unto this Honorable Court and allege as follows:

## PREFACE

1.      The Plaintiff, Mary Adams Ross, Mother of Alexander Chance Partain and Personal Representative of the Estate of Alexander Chance Partain (hereinafter referred to as "Decedent"), brings this wrongful death and survival action, based on the acts and omissions of Anderson County, the Anderson County Sheriffs Office, Anderson County Deputies David Stipe and Matthew McCarty, and against former Sheriff John Skipper of Anderson County, for the injuries and wrongful death of Alexander Chance Partain on November 29, 2016.

2.  This is an action for monetary damages brought pursuant to 42 U.S.C.A. §§ 1983, *et. seq.,* and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and under the common law, the statutory law, and the Constitution of the State of South Carolina, against the Defendants.

### *PARTIES AND JURISDICTION*

3.  Plaintiff, Mary Adams Ross, is Alexander Chance Partain's mother, and the du1y appointed Personal Representative of the Estate of Alexander Chance Partain, having been so appointed by the Probate Court of Anderson County on or about February 1, 2017 (Reference Anderson County Probate Court File No. 2017ES0400160 ). Plaintiff is presently serving in the capacity as Personal Representative of Decedent's Estate and is therefore entitled to maintain this action.

4.  Both the Plaintiff and Decedent were citizens and residents of the County of Anderson, State of South Carolina at all times relevant to this action.

5.  Defendant, County of Anderson (hereinafter referred to as "Defendant County"), is a political subdivision of the State of South Carolina as defined in S.C. Code Ann. §§ 15-78-10, et seq., and at all times relevant hereto, organized, maintained, supervised, staffed and controlled the Anderson County Sheriffs Office in Anderson County, South Carolina.

6.  Defendant former Sheriff John Skipper (hereinafter referred to as "Defendant Sheriff'), was at the time of this incident complained of, the Sheriff of the Anderson County Sheriff s Office.  Further, upon information and belief, Defendant Skipper is a citizen and resident of Anderson County, South Carolina. He is named in his official capacity as the final policymaker for the Anderson County Sheriff s Office with

ELECTRONICALLY FILED - 2018 Apr 10 3:45 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0400690

respect to policing and law enforcement, as well as in his individual capacity for the acts taken under color of state law and within the scope of his employment.

7. Defendant Anderson County Sheriffs Office (hereinafter "Defendant ACSO") is a governmental entity organized and existing under the laws of the State of South Carolina. Further, Defendant ACSO corporately operates a sheriffs office in Anderson County, where it employs persons charged with enforcing the various statutes enacted by the legislature of the State of South Carolina. Defendant ACSO is amenable to suit pursuant to S.C. Code Ann. § 15- 78-40 (2013, as amended).

8. Upon information and belief, Defendant David Stipe (hereinafter referred to as "Defendant Stipe") is a citizen and resident of Anderson County, South Carolina, who at all times relevant hereto, was acting under the color of state law in his official capacity as an officer with the Anderson County Sheriff s Office. He is named in his official capacity for acts undertaken in his individual capacity under the color of state law and within the scope of his employment.

9. Upon information and belief, Defendant Matthew McCarty (hereinafter referred to as "Defendant McCarty "), is a citizen and resident of Anderson County, South Carolina, who at all times relevant hereto, was acting under the color of state law in his official capacity as an officer with the Anderson County Sheriff s Office. He is named in his official capacity for acts undertaken in his individual capacity under color of state law and within the scope of his employment.

10. Based on the foregoing, this Court has jurisdiction of the subject matter of and parties to this action, and venue is proper in Anderson County. All of the acts,

ELECTRONICALLY FILED - 2018 Apr 10 3:45 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0400690

omissions, and events complained of took place within Anderson County, South Carolina, and is within the venue of this Court.

## STATEMENT OF FACTS

11.     On or about November 29, 2016 Defendant Stipe purportedly observed a green PT Cruiser parked behind Decedent's residence on 117 Perry Dr., Iva, South Carolina which he claimed to have had a hunch that the PT Cruiser had been reported stolen to the ACSO.

12.     In fact, the green PT Cruiser had not been stolen and nor had it been reported stolen.

13.     Defendant Stipe contacted Defendant McCarty and asked him to respond to the location so they could approach the residence to check the status of the PT Cruiser.

14.     Prior to Defendant McCarty arriving, Decedent and a Madison Lewis left Decedent's residence in a black Honda Civic to go to Anderson, South Carolina with Madison Lewis driving the black Honda Civic and with Decedent a passenger.

15.     Defendant Stipe attempted to follow the Honda Civic but purportedly lost sight of the Black Honda Civic and informed Defendant McCarty of the Honda Civic's last location.

16.     Based on Defendant Stipe's hunch that the PT Cruiser was stolen, Defendant McCarty located the Honda Civic and intentionally, willfully and unlawfully attempted to initiate a traffic stop.

17.     The vehicle subsequently stopped on Bascombe Road, which is in the County of Anderson, State of South Carolina.

18.     As the Honda Civic came to a stop, Decedent exited the passenger side of the Honda Civic and ran into a wooded area off Bascombe Road.

ELECTRONICALLY FILED - 2018 Apr 10 3:45 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0400690

ELECTRONICALLY FILED - 2018 Apr 10 3:45 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0400690

19.     Decedent was afraid of Anderson County Deputies since Decedent had become a targeted for harassment by certain Anderson County Deputies, said harassment included pretextual searches and seizures of Decedent and/or seizures of Decedent's money.  Decedent had previously inherited money from his deceased father.

20.     Notwithstanding the fact that Decedent was posing no threat to anyone, there were no warrants for Decedent's arrest, nor was Decedent breaking any laws, Deputy McCarty, initiated a solo foot pursuit into the wooded area and began chasing Decedent.

21.     While in the wooded area, Deputy McCarty willfully, intentionally and unlawfully seized Decedent and a struggle ensued and Deputy McCarty shot and killed Decedent.

22.     It is well established South Carolina law that a person has a right to resist an unlawful arrest, even to the extent of taking the life of the aggressor, if it be necessary, in order to re-gain his liberty which well established South Carolina Law was known by or should have been known by the Defendants.

23.     At all times herein mentioned, Decedent had a well established constitutional right, secured the United States Constitution and the South Carolina constitution, to be free from unreasonable searches and seizures and to be free from unreasonable invasions of privacy by Deputies employed by the Anderson County Sheriff's Department.

24.     At the time and place in question, Decedent was exercising his well established right to resist an unlawful arrest.

25. Defendant Stipe's and/or Defendant McCarty's actions were unlawful and that these unlawful actions were the precipitating causes of all subsequent events, including Decedent's death.

26. As a direct and proximate result of the individual Defendants' acts of willful, malicious, conscious and deliberate indifference, jointly, severally and in combination thereof, the Decedent suffered deprivations of his rights secured by the South Carolina Constitution and the United States Constitution.

27. Plaintiff has no adequate remedy at law and will suffer serious and irreparable harm to his Constitutional rights unless Defendants are enjoined from continuing their unlawful practices, policies, and customs which have directly and proximately caused such Constitutional violations.

**FOR A FIRST CAUSE OF ACTION AS TO ALL DEFENDANTS**
**(Negligence and Gross Negligence)**

28. Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs and all subsequent paragraphs as if each were fully set forth herein verbatim.

29. Plaintiff is informed and believes, and on the basis of such information and belief alleges, that the Defendants, by and through their officers/agents, with deliberate indifference, gross negligence, and reckless disregard to the safety, security and constitutional and statutory and common law rights of the Decedent, the Defendants maintained, enforced, tolerated, permitted, acquiesced in, and applied policies, practices, or customs and usages of, among other things:

a) Subjecting people, and the Decedent in particular, to unreasonable uses of force against their persons;

b) Failing to adequately train and supervise officers in foot pursuit tactics;

ELECTRONICALLY FILED - 2018 Apr 10 3:45 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0400690

c)      In propagating policies and procedures which allow officers to act within the policies and procedures and violate an individual's, including the Decedent's, Civil Rights;

d)      In failing to use the degree of care an ordinary and reasonable person would under the same or similar circumstances;

e)      In allowing tactics that would likely result in the unreasonable use of deadly force thereby causing the Decedent physical injury and resulting death;

f)      In allowing tactics that would likely result in the escalation of a potentially volatile situation;

g)      In failing to establish specific guidelines on foot pursuits;

h)      In such other and further particulars as discovery will show.

30.     The injuries suffered by the Decedent were due to the negligence, carelessness, recklessness, willfulness, unlawfulness, wantonness and heedlessness of the Defendants and its officers, employees, agents and servants, in one or more of the following particulars, inter alia:

a)      At the aforesaid time and place, Defendant Stipe failed to assess articuluable facts as to whether or not the PT Cruiser was in fact stolen before instigating the chain of events that led to Decedent's death;

b)      At the aforesaid time and place, Defendant Stipe instigated the chain of events that led to Decedent's death based on mere suspicion and/or a "hunch";

c)     At the aforesaid time and place, Defendant McCarty failed to access whether or not Defendant Stipe's mere suspicion or hunch the PT Cruiser was stolen was based on sufficient articulable facts in order to lawfully attempt a stop of the Honda Civic;

d)     At the aforesaid time and place, Defendant Stipe, failed to assess whether initiating a pursuit was appropriate under the circumstances then and there existing and failed to exhaust any and all other practical options;

e)     At the aforesaid time and place, Defendant McCarty, failed to assess whether initiating a solo foot pursuit was appropriate under the circumstances then and there existing and failed to exhaust any and all other practical options;

(f)     At the aforesaid time and place, Defendant McCarty engaged in a tactically unsound and unnecessary foot pursuit;

(g)     At the aforesaid time and place, Defendant McCarty escalated a potentially volatile situation by initiating a tactically unsound and unnecessary foot pursuit;

(h)     Anderson County Sheriff s Office was willful, wanton, reckless, careless, negligent and grossly negligent in entrusting the situation to someone who was not properly trained in the procedures to make informed decisions regarding foot pursuits;

(i)     In failing to assure the presence of properly trained and experienced officers to supervise less experienced officers on shift, when these events occurred;

(j)     In failing to exercise the same degree of care and caution which a reasonable and prudent person would have under the same or similar circumstances.

31.     At the time and place in question, Defendants owed a duty of care to protect the public, which included the Decedent and were required to use reasonable efforts to ensure the protection of the public, which included Decedent.

32.     Defendants actions were negligent and reckless, including but not limited to:

a)     The failure to properly assess the need to initiate a foot pursuit against the Decedent and engaging the Decedent;

b)     The negligent tactics and handling of the situation with the Decedent;

c)     The negligent use of foot pursuit directed against the Decedent;

d)     In failing to establish specific guidelines on foot pursuits;

e)     The failure to properly train, supervise, and discipline employees, including the individual Defendants;

f)     The negligent hiring, retention, and assignment of County employees, including the individual Defendants.

33.     As a direct and proximate result of the aforesaid negligence, gross negligence, carelessness, recklessness, willfulness, wantonness and reckless indifference of the Defendants, their agents, servants and employees, Plaintiff's Decedent was fatally wounded by a gunshot and died soon thereafter; was subjected to extreme pain, mental anguish, emotional distress, deprivation of his liberties, suffering, and including consciously realizing he would probably die.

ELECTRONICALLY FILED - 2018 Apr 10 3:45 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0400690

ELECTRONICALLY FILED - 2018 Apr 10 3:45 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0400690

34.     Plaintiff has suffered the loss of the Decedent's life, loss of his love and support, mental anguish, emotional distress, incurred funeral expenses, attorney fees, and undue grief, and will likely suffer-from the effect of the Defendants' actions now and in the future, and Plaintiff demands actual, consequential and punitive damages from the Defendants, jointly and severally.

### FOR A SECOND CAUSE OF ACTION AS TO ALL DEFENDANTS
#### (42 U.S.C. § 1983 - Survival Action)

35.     Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs and all subsequent paragraphs as if each were fully set forth herein verbatim.

36.     Plaintiff brings this claim for relief in her capacity as the Personal Representative of the Estate of Alexander Chance Partain, Decedent and pursuant to 42 U.S.C. § 1983 and S.C. Code Ann. § 15-5-90,1976, as amended.

37.     As a result of the acts and omissions of Defendants, their agents, servants and employees, the Decedent sustained painful and terminal physical injuries, and mental and emotional injury, knowing that he was going to die.

38.     Defendants, acting under the color of state law, deprived the Decedent of rights, privileges, and immunities secured by the Constitution and the laws of the United States, including those secured by the Fourth and Fourteenth Amendments to the Constitution, by, among other things, subjecting the Decedent to excessive force.

39.     The foregoing wrongful actions, conduct and/or omissions of the Defendants killed the Decedent.

40.     As a proximate result of the foregoing wrongful actions, conduct and/or omissions of the Defendants, and each of them, the Decedent sustained general damages,

including pain and suffering, and a loss of the enjoyment of life and other economic damages, in an amount and accordance with proof at trial.

41.     In doing the foregoing wrongful acts, Defendants, and each of them, acted in reckless and callous disregard for the Constitutional rights of Decedent. The wrongful acts, and each of them, were willful, oppressive and malicious, thus warranting the award of punitive damages against each individual Defendant in an amount adequate to punish the wrongdoers and deter future misconduct.

### FOR A THIRD CAUSE OF ACTION AS TO ALL DEFENDANTS
### (42 U.S.C. § 1983 - Wrongful Death)

42.     Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs and all subsequent paragraphs as if each were fully set forth herein verbatim.

43.     Defendants, acting under the color of state law, deprived the Decedent of rights privileges, and immunities secured by the Constitution and the laws of the United States, including those secured by the Fourth and Fourteenth Amendments to the Constitution, by, among other things, subjecting Decedent to unlawful seizure and/or excessive force.

44.     The foregoing wrongful acts of the Defendants killed the Decedent.

45.     Defendants conduct was the direct and proximate cause of the injuries, death, and losses set forth above.

46.     Plaintiff, as Personal representative for the Estate of the Decedent, has standing to pursue the remedies for wrongful death, including pecuniary loss and other compensable injuries resulting from the loss of society, comfort, attention, services, and support of the Decedent pursuant to 42U.S.C. § 1983 and S.C. Code Ann. § 15-51-10 et al, 1976, as amended.

47.     In doing the foregoing wrongful acts, Defendants, and each of them, acted in reckless and callous disregard for .the Constitutional rights of the Decedent and Plaintiff. The wrongful acts, and each of them, were willful, oppressive, and malicious, thus warranting the award of punitive damages against each individual Defendant in an amount adequate to punish the wrongdoers and deter future misconduct.

48.     The Defendants, jointly, severally and in combination thereof, wrongfully caused the death of the Decedent as described by the acts and omissions described in detail hereinabove.

### FOR A FOURTH CAUSE OF ACTION AS TO ALL DEFENDANTS
#### (Deprivation of Federal Civil Rights Pursuant to 42 U.S.C. § 1983 – Fifth and Fourteenth Amendments)

49.     Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs and all subsequent paragraphs as if each were fully set forth herein verbatim.

50.      Defendant Deputies Stipe and McCarty were at all times acting individually and in their official capacities as County employees, Police Officers, Deputy Sheriffs, and Sheriffs and as such had certain duties imposed on them with regard to the Decedent.

51.     The acts of the individual Defendants, under color of state law, whose actions, conduct and/or omissions resulted in the shooting and killing the Decedent, were undertaken without lawful justification, taken with deliberate indifference to Decedents' rights, and were designed to, and did, cause specific and serious bodily harm, pain and suffering to the Decedent in violation of his Constitutional rights as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution. Through these

ELECTRONICALLY FILED - 2018 Apr 10 3:45 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0400690

actions, Defendants are liable for violation of 42 U.S.C. § 1983, which prohibits the deprivation under color of state law of rights secured by the United States Constitution.

52.     The Defendants were negligent, grossly negligent, reckless, wanton, consciously indifferent and deliberately indifferent to the Decedent and the Plaintiff in the following particulars:

a)      In failing to ensure that sufficient resources were brought to the scene;

b)      Failure to contain the subject peacefully and without harm;

c)      In failing to use even slight care and caution in engaging the Decedent;

d)      In improperly depriving the Decedent of his Constitutional and Civil Rights;

e)      In failing to train its officers to use non-deadly force to restrain and/or apprehend the Decedent;

h)      In failing to provide the Decedent freedom from the use of excessive force, unreasonable and/or unjustified seizure against his person;

h)      In initiating a pursuit of Decedent when Decedent posed no threat to anyone, no other person's life was immediately endangered, and the Decedent did not have the capacity to endanger the lives of others;

i)      In failing to properly supervise and train its personnel, agents and employees so as to ensure that officers would not use tactics that will likely result in the use of deadly force when necessary and required;

k)      In failing to draft and institute proper policy and procedures necessary to ensure that officers only use tactics that would not likely result in the use of deadly force when necessary and required;

ELECTRONICALLY FILED - 2018 Apr 10 3:45 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0400690

ELECTRONICALLY FILED - 2018 Apr 10 3:45 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0400690

i) In engaging in a pattern and practice of unnecessarily using tactics that were likely to result in the use of deadly force.

53. As a result, the Decedent suffered conscious pain, suffering, indignity, and loss of his aforementioned federal rights. The Plaintiff has suffered the loss of the Decedent, loss of his love and support, mental anguish, emotional distress, incurred funeral expenses, attorney fees, and undue grief, and will likely suffer from the effects of the Defendants' actions now and in the future, and Plaintiff demands actual, consequential and punitive from the Defendants, jointly and severally.

**FOR A FIFTH CAUSE OF ACTION AS TO ALL DEFENDANTS**
**(Deprivation of Federal Civil Rights Pursuant to 42 U.S.C. § 1983 –**
**Fourth and Fourteenth Amendments)**

54. Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs and all subsequent paragraphs as if each were fully set forth herein verbatim.

55. Defendant officers were at all times acting individually and in their official capacities as County employees, Police Officers, Deputy Sheriffs, and Sheriffs and as such had certain duties imposed on them with regard to the Decedent.

56. By their conduct, as described herein, and acting under the color of state law to deprive the Decedent of his rights to be free from unreasonable searches and seizures and arrest without reasonable suspicion or probable cause as required by the Fourth and Fourteenth Amendments, Defendants are liable for violation of 42 U.S.C. § 1983, which prohibits the deprivation under color of state law of the rights secured under the United States Constitution.

57.     The Defendants were negligent, grossly negligent, reckless, wanton, consciously indifferent and deliberately indifferent to the Decedent and the Plaintiff in the following particulars:

a)      In failing to ensure that sufficient resources were brought to the scene;

b)      In failing to contain the subject peacefully and without harm;

c)      In failing to use even slight care and caution in safekeeping the Decedent;

d)      In improperly depriving the Decedent of his Constitutional and Civil Rights;

e)      In failing to train its officers to use non-deadly force to restrain and apprehend the Decedent;

f)      In failing to provide the Decedent freedom from the use of unreasonable seizures, excessive force, unreasonable and unjustified force against his person;

g)      In using tactics that would result in the use of deadly force when the officer's life was not immediately endangered, no other person's life was immediately endangered, and the Decedent did not have the capacity to endanger the lives of others;

h)      In failing to draft and institute proper policy and procedures necessary to ensure that officers only use tactics that result in the use of deadly force when necessary and required;

j)      In engaging in a pattern and practice of unnecessarily using tactics that would likely result in the use of deadly force; and;

k)      In using cruel and unusual punishment toward the Decedent.

ELECTRONICALLY FILED - 2018 Apr 10 3:45 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0400690

58. As a direct and proximate result of the Defendants' acts of willful, malicious, conscious and deliberate indifference, jointly, severally and in combination thereof, the Decedent suffered deprivations of his rights secured by the Fourth and Fourteenth Amendments to the United States Constitution and South Carolina Code §§ 15-51-10 et seq. and 15-5-90 et seq.

59. As a further result of the above-described acts, Decedent was deprived of rights and immunities provided to him, under the Constitution and Laws of the United States and of the State of South Carolina including, but not limited to, his rights under the Fourteenth Amendment to secure in his person, to be free from punishment without due process, and to the equal protection of the laws. The shooting and killing of the Decedent was unwarranted, cruel, unjustifiable and excessive.

## FOR A SIXTH CAUSE OF ACTION AS TO DEFENDANT COUNTY AND DEFENDANT SHERIFF'S OFFICE
### (Official Policy or Custom)

60. Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs and all subsequent paragraphs as if each were fully set forth herein verbatim.

61. Defendants, County of Anderson, and the Anderson County Sheriffs Office are liable under 42 U.S.C. § 1983 because the deprivation of Decedent's constitutional rights was inflicted pursuant to an official policy or custom of Defendants Anderson County and the Anderson County Sheriff's Office. The deprivation of Decedent's constitutional rights was a direct cause-in-fact of such policy or custom. The policy or custom was the proximate cause of the injuries and death sustained by the Decedent. The policy or custom reflects a deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision. These

ELECTRONICALLY FILED - 2018 Apr 10 3:45 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0400690

allegations are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

62.     Defendant Anderson County and the Anderson County Sheriffs Office, are directly liable and responsible for the acts of Defendant Officers Stipe and McCarty, because they knowingly failed to enforce the laws of the State of South Carolina and the regulations of the Defendant Sheriff s Office pertaining to the chain of events that led to the use of force and possible deadly force by the Anderson County Sheriffs Office, thereby creating with the Anderson County Sheriffs Office, an atmosphere of lawlessness in which police officers employed excessive and illegal force, including deadly force, in the belief that such acts would be condoned and justified by their superiors. Defendant County and Defendant Sheriff's Office were, or should have been aware of these unlawful acts and practices prior to and at the time of the shooting and killing of the Decedent.

## FOR A SEVENTH CAUSE OF ACTION AS TO DEFENDANT STIPE
### (Excessive Force)

63.     Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs and all subsequent paragraphs as if each were fully set forth herein verbatim.

64.     Defendant Stipe, while acting under the color of state law, violated Decedent's Fourth Amendment right to be free from an unreasonable seizure when he initiated the chain of events that led to Decedent being shot in the chest and killed by Defendant McCarty.  Decedent was killed as a result of the solo foot pursuit that was clearly unnecessary and which would most likely result in an unlawful seizure and/or the use of force, the excessiveness of which was objectively unreasonable. Defendants' actions were objectively unreasonable and constitute the use of excessive force in

ELECTRONICALLY FILED - 2018 Apr 10 3:45 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0400690

violation of the Fourth Amendment to the United States Constitution in that the Decedent did not pose any immediate danger or threat to the safety of anyone nor posed any threat to the safety of any member of the public at the time he was shot and killed by Defendant McCarty.

65.     The actions described above deprived the Decedent of the rights, privileges and immunities guaranteed to all citizens under the Constitution of the United States, as well as the following specific rights under the South Carolina State Constitution and the South Carolina Code of Laws and Common Law of South Carolina:

a)      Freedom from unreasonable and/or unlawful seizure;

b)      Freedom from unreasonable and excessive force;

b)      Freedom from a deprivation of liberty without due process of law: and

c)      Freedom from summary punishment.

66.     Defendants Stipe and McCarty, while in the scope of their employment with Defendant ACSO, subjected Decedent to such deprivations by either negligence, malice or reckless disregard of the Decedent's rights.

67.     As a direct and proximate result of the aforementioned acts and omissions, Decedent was forced to endure and suffered physical pain, mental anguish, and was deprived of his physical liberty and life.

**FOR AN EIGHTH CAUSE OF ACTION AS TO**
**DEFENDANT SHERIFF SKIPPER**
**(Failure to Supervise and Train and Allowing a Custom and Practice to Exist**
**Allowing the Use of Excessive Force)**

68.     Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs and all subsequent paragraphs as if each were fully set forth herein verbatim.

69.     At all times mentioned hereto, The County of Anderson through its chief policy maker in law enforcement, Sheriff Skipper, had a duty to adopt and implement rules and procedures to ensure that his Officers not initiate foot pursuits that were likely to result in the use of deadly force. This duty includes, but is not limited to, the duty to create, adopt and implement rules, regulations, practices and procedures which clearly direct deputies and officers as to the appropriateness of foot pursuits.

70.     Defendant Skipper's failure to adopt and implement adequate policies, training and supervision regarding his officers' use of force on suicidal individuals, including, but not limited to; the use of confrontational verbal aggression, immediate show of physical force, the dangers of escalating an already volatile situation, and the dangers of excited delirium resulting from the use of excessive force by the Defendant Officers mentioned and described herein; proximately caused the Decedent's death.

71.     As a direct, proximate and foreseeable result of Defendant Sheriff Skipper's policies, customs and practices, Decedent suffered a violation of his Fourth Amendment right to be free from unreasonable seizures and/or excessive force and his Fourteenth Amendment right to due process and equal protection of the laws. Decedent suffered conscious pain and suffering and mental anguish and his family and Plaintiff suffered a great loss as a result of his death.

72.     The aforementioned actions committed by Defendant Deputies Stipe and McCarty, were proximately caused by the de facto policies, customs, and practices of Defendant Sheriff Skipper. The failure to establish proper policies, customs and practices; the delegation of policy-making authority to his deputies; his failure to train and educate deputies on the appropriate tactics, pursuits and the use of force when

ELECTRONICALLY FILED - 2018 Apr 10 3:45 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0400690

dealing with individuals, such as the Decedent; and his ratification of the use of dangerous tactices, excessive and/or deadly force, all proximately caused the Decedent's death.

73.     These policies, customs, practices and omissions of the Defendant County and the Defendant Anderson County Sheriff's Office, alleged herein, were the underlying cause of Decedent's death.

**WHEREFORE**, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

1.     Compensatory damages to Plaintiff in an amount to be determined at trial;

2.     General damages to Plaintiff in an amount to be determined at trial;

3.     Punitive damages in the amount to be determined at trial;

4.     Awarding Plaintiff the reasonable costs and expenses of this action;

5.     A Trial by Jury; and

6.     For such other and further relief that this Court deems just and proper.


              THE GRIFFIN FIRM LLC

BY:    /s/ Charles R. Griffin, Jr.
            SC Bar # 6489
            Attorney for Plaintiff
            210 N. McDuffie St. Ste. 103
            Anderson, SC 29621
            864-231-8870

April 10, 2018

ELECTRONICALLY FILED - 2018 Apr 10 3:45 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0400690

**STATE OF SOUTH CAROLINA**  )
           )  **VERIFICATION**
**COUNTY OF ANDERSON**   )
_____)


   PERSONALLY APPEAR BEFORE ME, **Mary Adams Ross,** who being first duly sworn states that she is the Plaintiff in this action; that she has read the Complaint and all matters alleges herein are true and correct to her own knowledge, with the exception of those matters alleges on information and belief, and as to those, she believes them to be true.




            /s/ Mary Adams Ross
            **Mary Adams Ross**

**SWORN TO BEFORE ME THIS**
**6th  DAY OF APRIL, 2018.**

/s/ Charles R. Griffin, Jr.
**NOTARY PUBLIC FOR SOUTH CAROLINA**
**MY COMMISSION EXPIRES: 12/13/2027**

ELECTRONICALLY FILED - 2018 Apr 10 3:45 PM - ANDERSON - COMMON PLEAS - CASE#2018CP0400690