IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Mary Adams Ross, | ) | Case No. 8:18-cv-02108-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Anderson County, the Anderson | ) | |
| County Sheriff's Office, John Skipper, | ) | |
| David Stipe, Matthew McCarty, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Defendants' Motion for Summary Judgment. ECF No. 36.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report").  On July 29, 2020, the Magistrate Judge issued a Report recommending that the Motion be granted.[1] ECF No. 82.  The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so.  Plaintiff filed Objections, and Defendants filed a Reply.[2]  ECF Nos. 98, 102.

---

[1] The Magistrate Judge also recommended that the pending Motion in Limine be found as moot.

[2] Plaintiff then filed an unauthorized sur-reply, which the Court construed as a motion for leave to file a sur-reply and directed Defendants to respond to the motion. ECF No. 105.  Defendants filed a response in opposition to the motion. ECF No. 107.  It

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## DISCUSSION

This action is brought by Mary Adams Ross as the personal representative of the estate of Alexander Chase Partain ("the Decedent"). The Complaint alleges violations pursuant to 42 U.S.C. § 1983 and the South Carolina Tort Claims Act ("SCTCA"). The Magistrate Judge provides a thorough recitation of the relevant facts and the applicable

---

appears that there is some confusion with respect to the title of docket entry number 104. However, upon review of the motion and the response, the Court finds that a sur-reply is unnecessary in this case. The proposed sur-reply does not add any additional relevant information or respond to new arguments by Defendants. Therefore, the motion is denied.

law which the Court incorporates by reference.  As stated above, the Magistrate Judge recommends that the Motion for Summary Judgment be granted.

***Fourth Amendment Claim***

Plaintiff alleges there was no reasonable suspicion to initiate the traffic stop.  The Magistrate Judge found that there was no genuine issue of material fact with respect to whether Deputy Matthew McCarty violated the Decedent's constitutional rights by stopping the vehicle in which the Decedent was a passenger.  Plaintiff objects to the Magistrate Judge's conclusion.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV.  This protection against unreasonable seizures extends to investigatory stops made by the police.  Since *Terry v. Ohio*, 392 U.S. 1 (1968), an officer must have reasonable suspicion to briefly detain an individual for investigative purposes. "Reasonable suspicion" is demonstrated when an officer "point[s] to specific and articulable facts which, taken together with rational inferences from those facts, evince more than an inchoate and unparticularized suspicion or hunch of criminal activity." *United States v. Branch*, 537 F.3d 328, 336 (4th Cir. 2008).  The Fourth Circuit has explained that unlike probable cause, *Terry* does not require officers to believe that an individual "had committed or was committing an offense."  *United States v. Perkins*, 363 F.3d 317, 326 (4th Cir. 2004).  Rather, "the very point of *Terry* was to permit officers to take preventive action and conduct investigative stops before crimes are committed, based on what they view as suspicious—albeit even legal—activity."  *Id.*  In assessing

reasonable suspicion, courts must "consider the totality of the circumstances" and "give due weight to common sense judgments reached by officers in light of their experience and training." *Id.* at 321.

"A police officer's decision to stop and detain an individual must be evaluated objectively." *Branch*, 537 F.3d at 337 (citing *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000); *Terry*, 392 U.S. at 21–22). Thus, the lawfulness of a *Terry* stop turns "not on the officer's actual state of mind at the time the challenged action was taken," *Maryland v. Macon*, 472 U.S. 463, 470–71 (1985), but rather on "an objective assessment of the officer's actions in light of the circumstances confronting him at the time," *Scott v. United States*, 436 U.S. 128, 136 (1978). "In other words, if sufficient objective evidence exists to demonstrate reasonable suspicion, a *Terry* stop is justified regardless of a police officer's subjective intent." *Branch*, 537 F.3d at 337.

Plaintiff contends that the Magistrate Judge incorrectly determined that there was a valid traffic stop. She puts forth several objections to the Magistrate Judge's recommendation on this issue.

With respect to the Magistrate Judge's conclusion that Deputy McCarty had reasonable suspicion to initiate a stop of the vehicle because it was reported to him that the vehicle the in which Decedent was a passenger rolled through a stop sign, Plaintiff contends that this reason for the stop was created after the fact. ECF No. 98 at 6. Plaintiff argues that Deputy David Stipe first testified that the car the Decedent was traveling in failed to come to a complete stop at his deposition in 2019 and that Deputy McCarty failed to mention it in his deposition or Personal Statement. *Id.* at 6–7. She also argues that

4

the Magistrate Judge's decision to credit this statement by Deputy Stipe amounts to a failure to apply the correct standard of review on a motion for summary judgment.[3]  *Id.* at 8.

Plaintiff's allegations fail to rise above mere speculation.  She fails to point to any evidence in the record that contradicts Stipe's deposition testimony.   At most, Plaintiff points to a lack of information in other documents as support for her assertion that Deputy Stipe created justification for the stop at a later date.   These conclusory allegations, without more, are insufficient to preclude a finding of summary judgment.  *See Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985).

Plaintiff also argues that Deputy Stipe is not credible; accordingly, because it is the province of the jury to weigh credibility, summary judgment must be denied and this action must proceed to trial.  ECF No. 98 at 8.  In support of her assertion that Deputy Stipe's statements are not credible, she refers, inter alia, to the fact that he failed to notify other officers that he knew the PT Cruiser had not been stolen once he learned this fact.  *Id.* Plaintiff is correct that it is not the role of this Court to weigh the credibility of the proffered testimony.  However, again, Plaintiff has provided no evidence that Deputy Stipe's version of events is untrue or even likely untrue beyond her own conclusory allegations.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (holding that a non-moving party must

---

[3] Plaintiff specifically does not object to the Magistrate Judge's determination that Deputy Stipe's visual assessment that the car in which the Decedent was travelling exceeded the speed limit was insufficient to establish reasonable suspicion.  ECF No. 98 at 5.

demonstrate that specific, material facts exist which give rise to a genuine issue). Accordingly, Plaintiff's objection is overruled.

Plaintiff makes several arguments regarding the additional proffered reasons for the stop presumably because she reasons that the Magistrate Judge determined the stop was valid based on the "totality of the *circumstances*."  ECF No. 98 at 10 (emphasis in original).  Upon review of the Report, the only times the Magistrate Judge mentions the totality of the circumstances are in his discussion of Plaintiff's excessive force claim.  *See* ECF No. 96.  As the other reasons given to support reasonable suspicion are not at issue in this case, these objections are overruled.

Accordingly, in light of the evidence of record that the vehicle rolled through a stop sign, there was reasonable suspicion to justify the stop.  Failure to fully stop at a stop sign is a violation of South Carolina law and, therefore, "provides an officer reasonable suspicion to initiate a traffic stop."  *State v. Provet*, 747 S.E.2d 453, 457 (S.C. 2013); *see also* S.C. Code Ann. § 56-5-2330(b).  Therefore, there remains no genuine issue of material fact with respect to the lawfulness of the stop and Plaintiff's objections are overruled.[4]

---

[4] Plaintiff argues several times that Deputy Stipe's failure to activate his blue lights after allegedly observing two traffic infractions indicates that he did not have sufficient facts to initiate a stop. *Id.* at 9.  However, there is also evidence in the record that Deputy Stipe lost sight of the vehicle after the infractions occurred.  Accordingly, without more from Plaintiff to oppose this evidence, this objection is overruled.  *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 252 (1986) (holding that the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion).

***Excessive Force***

Plaintiff agues that Deputy McCarty used excessive force against the Decedent in shooting and killing him.  The Magistrate Judge recommends granting summary judgment in favor of Defendants as to this claim.  Plaintiff objects.

A claim that "law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or other 'seizure' of his person . . . [is] properly analyzed under the Fourth Amendment's 'objective reasonableness' standard."  *Graham v. Connor*, 490 U.S. 386, 388 (1989).  In applying the objective reasonableness standard, "the question is whether a reasonable officer in the same circumstances would have concluded that a threat existed justifying the particular use of force."  *Elliott v. Leavitt*, 99 F.3d 640, 642 (4th Cir. 1996) (citing *Graham*, 490 U.S. at 396–97).

Further, proper application of the objective reasonableness standard "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight," and "[t]he 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."  *Graham*, 490 U.S. at 396.  "Ultimately, the question to be decided is 'whether the totality of the circumstances justifie[s] a particular sort of . . . seizure.'"  *Smith v. Ray*, 781 F.3d 95, 101 (4th Cir. 2015) (quoting *Tennessee v. Garner*, 471 U.S. 1, 8–9 (1985)).

Plaintiff argues that there is insufficient evidence to support the motion for summary judgment noting that the affidavits presented by Defendants are "self-serving." ECF No. 98 at 12. Plaintiff attempts to excuse the lack of evidentiary support for her allegations by arguing that Defendants were responsible for the creation of the record and asserts that she is entitled to present an alternative version of events in light of the fact that there were no witnesses. ECF No. 98 at 12. Plaintiff cites to *Ashcroft v. Iqbal*, 556 U.S. 663 (2009), and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), for the proposition that a plaintiff may file a complaint that contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." ECF No. 98 at 12 (internal quotations marks omitted). Plaintiff then asserts that she has presented an "alternative interpretation of the facts as reported by the Defendants." *Id.* at 13. Plaintiff then goes on to detail her version of events, which mainly focuses on calling into question Deputy Stipe's credibility. *Id.* at 14–15. Plaintiff next provides "an alternative interpretation of the facts" surrounding the foot pursuit by Deputy McCarty, including statements forecasting the state of mind of the Decedent. *Id.* at 15–19.

Plaintiff generally works to cast doubt on Deputy McCarty's statements. In so doing, she cites to very few pieces of record evidence. However, she specifically argues that the photographs of Deputy McCarty's clothes and of the injury sustained by the Decedent refute Deputy McCarty's statements. ECF No. 98 at 16. Again, Plaintiff provides no support for this assertion beyond her own conclusory allegations. While these allegations may have been able to defeat a motion to dismiss, they are insufficient

to defeat a motion for summary judgment and the accompanying evidence.[5]   The Court

overrules this objection and adopts the Magistrate Judge's conclusion that Plaintiff's

theorized version of events "finds no basis in the record evidence."[6]   *See* ECF No. 96 at

12. Therefore, Plaintiff's objections are overruled.

Plaintiff does not appear to object to the Magistrate Judge's recommendation that

Deputy McCarty's actions are not imputable to Deputy Stipe under § 1983.  *See* ECF No.

96 at 13–14.  Nevertheless, out of an abundance of caution and in light of the seriousness

of this case, the Court has conducted a de novo review of the record, the applicable law,

and the Report.  Upon such review, the Court agrees with the recommendation of the

Magistrate Judge.

### Supervisory Liability

The Magistrate Judge found that summary judgment should be granted as to any

claim for supervisory liability against Sheriff John Skipper pursuant to § 1983.  ECF No.

---

[5] The Court notes that "[u]nder Rule 56, affidavits, depositions, interrogatories, and admissions are proper summary judgment evidence when referred to or incorporated in the motion for summary judgment."  *Inv'rs Title Ins. Co. v. Bair*, C/A No. 9:05-cv-1434-PMD, 2006 WL 8443960, at *2 (D.S.C. May 10, 2006) (citing Fed. R. Civ. P. 56(c)).

[6] Plaintiff also states that the "Report did not explain that third dominant set of fingerprints on the trigger."  ECF No. 98 at 18.  The Magistrate Judge is not required to explain the presence of another set of fingerprints or DNA evidence on the weapon. Plaintiff has failed to create a genuine issue of material fact with respect to this issue; accordingly, the objection is overruled.

96 at 14–15. It does not appear that Plaintiff has objected to this recommendation.[7]

Nevertheless, out of an abundance of caution and in light of the seriousness of this case,

the Court has conducted a de novo review of the record, the applicable law, and the

Report.  Upon such review, the Court agrees with the recommendation of the Magistrate

Judge.

**Monell Claim**

The Magistrate Judge recommends that summary judgment be granted as to any

claim against Anderson County ("the County") and the Anderson County Sheriff's Office

("ACSO") made pursuant to Monell v. Department of Social Services of City of New York,

436 U.S. 658 (1978).  Plaintiff objects.[8]

In Monell, the Supreme Court concluded that "a municipality cannot be held liable

solely because it employs a tortfeasor—or, in other words, a municipality cannot be held

liable under § 1983 on a respondeat superior theory."  Monell, 436 U.S. at 691.  Pursuant

to Monell, a municipality or other local government entity may be liable under § 1983 for

the violation of a plaintiff's constitutional rights, but only where the constitutionally

offensive actions of employees are taken in furtherance of some municipal policy or

---

[7] The Magistrate Judge noted that he believed Plaintiff conceded that the supervisory liability claim against Sheriff Skipper should be dismissed.  ECF No. 96 at 14.  The state law claims against Sheriff Skipper are discussed below.

[8] In the objections, Plaintiff seems to assert this claim against the County, the ACSO and Sheriff Skipper.  ECF No. 98 at 19.  In the response in opposition to the motion for summary judgment, Plaintiff made this claim only as to the County and the ACSO.  Regardless, the Court finds Plaintiff's claim fails against Sheriff Skipper for the same reasons that it also fails against the County and the ACSO.

custom.  *See Monell*, 436 U.S. at 694; *see also Knight v. Vernon*, 214 F.3d 544, 552 (4th Cir. 2000).

As a preliminary matter, the undersigned has found no constitutional violation as to Deputies Stipe and McCarty; accordingly, Plaintiff's attempt to hold Defendants the County and the ACSO liable pursuant to *Monell* or supervisory liability fails as well.  *See Evans v. Chalmers*, 703 F.3d 636, 654–55 (4th Cir. 2012) ("Because we hold that all plaintiffs failed to state predicate § 1983 claims against the individual officers, we must also hold that all plaintiffs have failed to state supervisory liability [and] *Monell* liability . . . claims.").

Plaintiff contends that a lack of a foot pursuit policy amounts to deliberately indifferent training or supervision.  ECF No. 98 at 19–21.  She points to the fact that the South Carolina Department of Safety has adopted a Vehicle and Foot Pursuit Policy while the County and the ACSO have not.  This appears to be a restatement of her argument made in the Response in Opposition to the Motion for Summary Judgment based on the holding in *Pelzer v. City of Philadelphia*, 656 F. Supp. 2d 517 (E.D. Pa. 2009).  As explained by the Magistrate Judge, that case is distinguishable from the present action, in part, because there was evidence in the record of a report that concluded that the death in that case was a foreseeable result of the failure to institute foot pursuit tactics.  There is no such evidence in this case.

Plaintiff also asserts that there was a back-up policy or "customary practice for officers to call for a unit or another officer to assist the responding officer in a situation." ECF No. 98 at 20.  Plaintiff does not explain how, even assuming she is correct, this

11

customary practice would impose liability upon the County or the ACSO for deliberately indifferent training or supervision. The Court notes that failure to follow that supposed policy by Deputy McCarty would not support a finding of liability for the County or the ACSO pursuant to *Monell*, which imposes liability based on the observance of an existing official policy or custom. Accordingly, Plaintiff's objections are overruled.

### Qualified Immunity

The Magistrate Judge recommends finding that Defendants[9] are entitled to qualified immunity. The Court agrees. Qualified immunity protects government officials performing discretionary functions from civil damage suits as long as the conduct in question does not "violate clearly established rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Thus, qualified immunity is lost if an official violates a constitutional or statutory right of a plaintiff that was clearly established at the time of the alleged violation such that an objectively reasonable official in the official's position would have known of the right. *Id.*

To determine whether qualified immunity applies, a district court must decide whether a plaintiff has alleged the deprivation of an actual constitutional right at all and whether the particular right was clearly established at the time of the alleged violation. *See Tolan v. Cotton*, 572 U.S. 650, 655–56 (2014) (per curiam); *Wilson v. Layne*, 526

---

[9] The Court notes that qualified immunity is only applicable to Deputy Stipe, Deputy McCarty, and Sheriff Skipper in their individual capacities. *See Santos v. Frederick Cty. Bd. of Comm'rs*, 725 F.3d 451, 470 (4th Cir. 2013) ("[Q]ualified immunity from suit under Section 1983 does not extend to municipal defendants or government employees sued in their official capacity."). This distinction does not otherwise affect the analysis of the Magistrate Judge.

U.S. 603, 609 (1999). "The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Here, as discussed above, Plaintiff has failed to demonstrate that Deputy Stipe, Deputy McCarty, and Sheriff Skipper violated his constitutional rights. Therefore, these Defendants are entitled to qualified immunity.

***State Law Claims***

Plaintiff also brings state law claims against Deputy Stipe, Deputy McCarty, Sheriff Skipper, the County, and the ACSO. The Magistrate Judge determined that the Complaint provided no basis for individual liability under the SCTCA against Deputy McCarty or Sheriff Skipper. He further determined that Deputy Stipe was entitled to summary judgment for the same reasons he outlined in his discussion of Plaintiff's § 1983 claims. The Magistrate Judge found that the County and/or the ACSO[10] were the proper party pursuant to the SCTCA. He found that there was no genuine issue of material fact with respect to gross negligence because Plaintiff failed to establish that the acts of Defendants caused the injury and that there was no evidence in the record that Defendants were negligent in training or supervising Deputies McCarty and Stipe. ECF No. 96 at 19–24. Plaintiff objects.

---

[10] As noted by the Magistrate Judge, it is unclear which entity is the proper employer for the individual Defendants; however, it is unnecessary to resolve this issue to analyze the claim. *See* ECF No. 96 at 20 n. 3.

"The remedy provided by [the SCTCA] is the exclusive civil remedy available *for any tort* committed by a governmental entity, its employees, or its agents except as provided in § 15-78-70(b)."  *Flateau v. Harrelson*, 584 S.E.2d 413, 416 (S.C. 2003) (quoting S.C. Code § 15-78-20(b)) (emphasis in original).  The doctrine of respondeat superior therefore is inapplicable to claims against South Carolina governmental entities or their employees.  Governmental entities are vicariously liable for their employees' torts only as provided by the statute; governmental entities are not additionally or alternatively liable under common-law vicarious liability doctrines.  Further, "under the doctrine of *respondeat superior*, the principal is liable *in addition* to the agent, not by reason of his consent to be liable, but by operation of law."  *S.C. Ins. Co. v. James C. Greene & Co.*, 348 S.E.2d 617, 624 (S.C. 1986) (emphasis added).  But under the SCTCA, for a given tort, either the governmental entity or the employee is liable but not both.  An employee of a governmental entity who commits a tort while acting within the scope of his official duty is not liable and the plaintiff must sue the governmental agency itself.  *Roberts v. City of Forest Acres*, 902 F. Supp. 662, 671 (D.S.C. 1995) (citing S.C. Code § 15-78-70(a)).  "However, if the plaintiff proves that 'the employee's conduct was not within the scope of his official duties or that it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude,' then the governmental agency is not liable, and the employee is personally liable."  *Id.* (quoting S.C. Code § 15-78-70(b)).

Here, Plaintiff objects to the Magistrate Judge's determination that Deputy Stipe, Deputy McCarty, and Sheriff Skipper were not proper parties to the SCTCA claims.  ECF No. 98 at 23.  She states that these Defendants "acted with malice and deliberate

indifference[,] gross negligence, and reckless disregard to the safety, security, and constitutional and statutory common law rights of the Decedent." *Id.*

With respect to Deputy Stipe, Plaintiff states that "there can be no other conclusion that in misrepresenting and concealing information on the alleged traffic infractions, identity of persons of interest, and status of the PT Cruiser, Stipe acted with malice, with intent to detain the occupants of the subject car with or without a legal basis to do so. Plaintiff can only surmise that his reason in doing so was either as an extension of the police harassment against [the Decedent] or a genuine desire to catch him in a commission of a felony." *Id.* at 24. Again, Plaintiff fails to point to any evidence in the record in support of her conclusions. There is evidence that the vehicle failed to fully stop at the stop sign; therefore, there was reasonable suspicion to support the traffic stop. Accordingly, this objection is overruled.

Regarding Deputy McCarty, Plaintiff argues that he failed to abide by the customary practice of calling for back-up, initiated a solo foot pursuit despite no risk of harm to the public, failed to identify himself and give warning to the Decedent, and failed to use less deadly weapons at his disposal. *Id.* The Court has previously discussed Plaintiff's arguments with respect to calling for back-up and the initiation of the foot pursuit and reiterates its reasoning as to these issues. With respect to Plaintiff's remaining arguments, the Court agrees with the finding of the Magistrate Judge that Plaintiff has failed to establish that the alleged negligent acts caused the death of the Decedent. *See* ECF No. 96 at 22.

With respect to Sheriff Skipper, Plaintiff asserts that he failed to implement a foot pursuit policy or address the officers' use of force in dealing with alleged offenders. Plaintiff also argues that Sheriff Skipper fostered and facilitated harassment of the Decedent by failing to address it.  The Court has addressed Plaintiff's arguments with respect to the implementation of a foot pursuit policy and whether excessive force was used in this action and declines to do so again.  Regarding the alleged harassment of the Decedent, Plaintiff has proffered no evidence in support of this assertion beyond his own conclusory allegations.  Accordingly, this objection is overruled.

Plaintiff has not objected to the Magistrate Judge's recommendation with respect to the County or the ACSO.  Nevertheless, out of an abundance of caution and in light of the seriousness of this case, the Court has conducted a de novo review of the record, the applicable law, and the Report.  Upon such review, the Court agrees with the recommendation of the Magistrate Judge.

It is an awful thing to suddenly lose a loved one regardless of the circumstances. This Court can well imagine Plaintiff's anguish over the circumstances which gave rise to this action, particularly the unanswered questions and nagging suspicions that led to the filing of this lawsuit.  However, to proceed, the claims in a lawsuit must be supported by evidence, that is the sworn testimony of knowledgeable witnesses and documents or other physical evidence which tend to prove those claims.  Without such evidence, the conjecture and speculation of counsel, no matter how appealing to a party, is simply unavailing.

## <u>CONCLUSION</u>

Based on the foregoing, the Court adopts the recommendation of the Magistrate Judge.  Defendants' Motion for Summary Judgment [36] is **GRANTED**.  Defendants' Motion in Limine [39] is **FOUND as MOOT**.  The Motion for Leave to File a Sur-Reply [104] is **DENIED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

September 21, 2020
Spartanburg, South Carolina

17